UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| DANIELLE SAUCEDO, ON BEHALF OF THE MINOR CHILD H.B., | ) ) ) |
| Plaintiff, | ) ) Case: 2:25-cv-0204 |
| v. | ) ) |
| | ) Jury Trial Demanded |
| EJS PARTNERS, INC. d/b/a SMACK'N TACOS TAQUERIA & BAR, | ) ) ) |
| and | ) ) |
| MARK FUENTES (individual) | ) ) |
| Defendants. | ) ) |

### DEFENDANTS' MOTION TO DISMISS COUNTS I AND II OF PLAINTIFF'S COMPLAINT

Defendants EJS Partners, Inc. and Mark Fuentes ("Defendants"), by and through their by and through their attorney, McKensie Meadows of Bolen Robinson & Ellis LLP, pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully move this Court to dismiss Counts I and II of Plaintiff's Complaint. In support thereof, Defendants state as follows:

### LEGAL STANDARD

Rule 12(b)(6) authorizes a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. In resolving a Rule 12(b)(6) motion, the court must take all well-pled facts as true, but after assuming the veracity of all well-pled facts, the court must assess whether those factual assertions "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mere recitation of the elements of a cause of action is insufficient to state a claim for relief. *Iqbal*, 556 U.S. at 678; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To

defeat a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. Conclusory allegations or "formulaic recitations of the elements of a cause of action" are insufficient. *Twombly*, 550 U.S. at 555.

## ARGUMENT

Plaintiff's claims under the Fair Labor Standards Act ("FLSA") fail as a matter of law because the Complaint lacks essential factual allegations to establish statutory coverage and causation. *First*, Plaintiff does not plead facts sufficient to establish enterprise or individual coverage under the FLSA's minimum wage provisions. Enterprise coverage is unavailable because EJS Partners, Inc. does not meet the FLSA's $500,000 annual gross volume threshold, as confirmed by the rolling quarters method. Individual coverage is equally deficient, as Plaintiff's duties as a busboy did not involve interstate commerce or the production of goods for interstate commerce, as required the law.

*Second*, Plaintiff's FLSA retaliation claim is equally flawed. The Seventh Circuit has repeatedly held that temporal proximity alone is *insufficient* to establish causation in retaliation claims. Case law makes clear that close timing must be accompanied by additional evidence of retaliatory intent—evidence Plaintiff entirely fails to allege. Moreover, documentary evidence establishes that Plaintiff was let go due to lack of available work, not retaliation. In fact, Defendants expressly communicated that Plaintiff would be considered for rehire, further undermining any inference of retaliatory motive.

Because Plaintiff fails to establish either FLSA coverage or a causal connection for retaliation, Counts I and II of Plaintiff's Complaint must be dismissed.

**I.    Count I: Plaintiff Fails to Establish Enterprise
or Individual Coverage under the FLSA**

To bring a claim under the FLSA, Plaintiff must establish coverage under either the enterprise coverage or individual coverage provisions. Plaintiff fails to sufficiently plead facts that would support either.

**A.    Enterprise Coverage Is Not Established.**

Enterprise coverage under the FLSA applies only to businesses with an annual gross volume of sales or business done of not less than $500,000. 29 U.S.C. § 203(s)(1). The Department of Labor determines whether a business meets this threshold by looking at its total gross receipts from all sales and business transactions, excluding only certain credits, rebates, and discounts. *See Felker v. Southwestern Emergency Medical Service*, 521 F. Supp. 2d 857, 863 (S.D. Ind. 2007).

The Complaint does not provide specific facts to demonstrate that EJS Partners, Inc. meets the $500,000 enterprise coverage threshold required for jurisdiction, which is a critical defect. There are no allegations concerning the Defendants' annual gross revenue or quarterly earnings. Additionally, given that EJS Partners, Inc. operated for only a few months before the filing of this lawsuit, it has not achieved the necessary enterprise coverage. Without adequate factual support to establish enterprise coverage, the Plaintiff's claim has no foundation and must therefore be dismissed.

**B.    Individual Coverage Is Not Established.**

If enterprise coverage is not met, a Plaintiff could still establish FLSA coverage if he were personally engaged in interstate commerce or the production of goods for interstate commerce. *See* 29 U.S.C. § 206(a). The Seventh Circuit has repeatedly emphasized that it is the nature of the employee's work, not the employer's business, that determines whether the FLSA applies. *Mitchell v. Joyce Agency, Inc.*, 211 F.2d 241, 247 (7th Cir. 1954). Thus, even if a company engages

in some interstate activities, the FLSA does not cover an employee unless their own job duties involve interstate commerce.

To qualify for individual coverage, an employee's work must be "so closely related to the movement of commerce as to be a part of it" and must involve regular and recurrent participation in interstate commerce. *Lofther v. First Nat'l Bank*, 138 F.2d 299, 300 (7th Cir. 1943). This means employees must either:

1. Personally engage in the movement of goods across state lines, or
2. Regularly use instrumentalities of interstate commerce, such as processing credit card transactions that cross state lines, or handling goods that have moved interstate. *Johnson v. Sun & Chang Corp.*, 572 F. Supp. 3d 543, 548 (N.D. Ind. 2021).

Here, Plaintiff has not alleged any facts suggesting that he was personally engaged in interstate commerce. Plaintiff worked as a busboy, cleaning tables and performing tasks that were entirely local in nature. He was not responsible for ordering supplies from out of state, handling interstate transactions, or using instrumentalities of interstate commerce in a way that would satisfy the Seventh Circuit's "regular and recurrent" standard. *See Lofther*, 138 F.2d at 300.

Because Plaintiff fails to allege any specific facts establishing enterprise or individual coverage under the FLSA, his minimum wage claim under the FLSA must be dismissed.

**II.     Count II: Plaintiff Fails to Allege Causal Connection for Retaliation Claim**

To state a claim for retaliation under the FLSA, Plaintiff must allege that: he engaged in protected activity under the FLSA; defendants took an adverse employment action against him; and there was a causal connection between his protected activity and the adverse action. *Leitgen v. Franciscan Skemp Healthcare, Inc.*, 630 F.3d 668, 673 (7th Cir. 2011). Plaintiff fails to sufficiently allege the third element—causation.

A.  **Temporal Proximity Alone Is Insufficient to Establish Causation.**

Plaintiff's retaliation claim appears to rest on the timing of his termination in relation to his complaints about wages. However, the Seventh Circuit has repeatedly held that temporal proximity alone is rarely sufficient to establish causation for FLSA claims.

While close timing may serve as one piece of circumstantial evidence, it must be accompanied by other supporting evidence to create an inference of retaliatory intent. *See Culver v. Gorman & Co.*, 416 F.3d 540. In *Leitgen v. Franciscan Skemp Healthcare, Inc*, the court dismissed a retaliation claim where there was no additional evidence beyond suspicious timing to support the inference of causation. 630 F.3d at 675.

Here, Plaintiff relies solely on temporal proximity, without offering any factual support suggesting that his termination was retaliatory. There are no allegations of:

- Retaliatory statements from management,
- Shifting justifications for termination,
- A pattern of retaliatory conduct, or
- Any other indicia of animus beyond the alleged timing of events.

Without these additional facts, Plaintiff's claim fails under *Culver* and *Leitgen*.

B.  **Defendants Had a Legitimate, Non-Retaliatory Reason for Termination.**

Even if Plaintiff could establish some evidence of causation (he cannot), his claim *still fails* because Defendants had a legitimate, non-retaliatory reason for his termination. Plaintiff was laid off due to a lack of available work—not in retaliation for any complaints. Courts in the Seventh Circuit have consistently rejected retaliation claims where an employer presents a valid, non-retaliatory reason for termination. *See Fuller v. McDonough*, 84 F.4th 686, 691 (7th Cir. 2023). Additionally, Defendants expressly communicated to Plaintiff's mother that he would be

considered for rehire when business conditions improved. This communication undermines any inference of retaliatory intent, as an employer intent on retaliation would not leave open the possibility of re-employment. *See Abrego v. Wilkie,* 907 F.3d 1004, 1014 (7th Cir. 2018) (finding no causal connection where the employer's conduct was inconsistent with retaliatory motive).

Because Plaintiff fails to allege any facts establishing a causal link between his wage complaints and his termination, and because Defendants have a documented non-retaliatory reason for terminating him, Count II must be dismissed.

## CONCLUSION

Plaintiff fails to establish FLSA coverage under Count I, as he does not plead facts supporting either enterprise or individual coverage. Additionally, his retaliation claim under Count II fails because temporal proximity alone is insufficient to establish causation, and Defendants had a legitimate, non-retaliatory reason for his termination.

For these reasons, Defendants respectfully request that this Court dismiss Counts I and II of the Complaint for failure to state a claim upon which relief can be granted.

Respectfully submitted,

/s/     McKensie Meadows
McKensie Meadows - ARDC No. 6333509
BOLEN ROBINSON & ELLIS, LLP
202 South Franklin, 2nd Floor
Decatur, Illinois 62523
Telephone: 217.429.4296
Fax: 217.329.0034
E-mail: mmeadows@brelaw.com
*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

McKensie Meadows, an attorney, hereby certifies that on February 28, 2025, she caused a true and correct copy of the foregoing to be electronically filed with the Odyssey CM/ECF (electronic case filing) system, which sent notification of such filing to all parties of record.

Nathan C. Volheim
Sophia K. Steere
Sulaiman Law Group LTD.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
nvolheim@sulainamlaw.com
ssteere@sulaimanlaw.com
*Attorneys for Plaintiff*

/s/    McKensie Meadows
McKensie Meadows - ARDC No. 6333509
BOLEN ROBINSON & ELLIS, LLP
202 South Franklin, 2nd Floor
Decatur, Illinois 62523
Telephone: 217.429.4296
Fax: 217.329.0034
E-mail: mmeadows@brelaw.com
*Attorney for Defendants*